IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Cooper,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ruiz Food Products, Inc.,<br><br>　　　　Defendant. | C/A: 4:25-cv-2213-SAL<br><br>**ORDER** |

    This matter is before the court on Plaintiff, Thomas Cooper's, motion to remand. [ECF No. 6.] For the reasons below, Plaintiff's motion is granted.

## **BACKGROUND**

    Plaintiff filed this retaliatory discharge action in state court under South Carolina Code Ann. § 41-1-80, a state statute prohibiting employers from retaliating against employees who file workers' compensation claims. [ECF No. 1-1.] Defendant, Ruiz Food Products, timely removed, citing diversity jurisdiction as the grounds for removal. *See* 28 U.S.C. §1332; ECF No. 1. There is no dispute that the parties are diverse, but the parties disagree over whether the amount in controversy meets the jurisdictional threshold.

    At the time of removal, the complaint did not specify an amount of damages but sought:

1.    Judgment in favor of the Plaintiff against Defendant for all causes of action;

2.    Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits to be determined by the trier of fact;

3.    Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact; and

1

    4.        Judgment in favor of the Plaintiff and against Defendant for any other relief this Honorable Court deems allowable under law, and just and proper, not to exceed $74,999.99.

[ECF No. 1-1 at 8.]

Plaintiff moved to remand for lack of subject matter jurisdiction. [ECF No. 6.] In support, Plaintiff stipulated "that the amount in controversy for this matter is less than $75,000.00." [ECF No. 5.]

## STANDARD

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Alapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The court is presumed to lack jurisdiction unless evidence to the contrary affirmatively appears. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court must remand an action that was removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C.A. § 1447(c).

Under 28 U.S. Code § 1332(a)(1), a district court has original jurisdiction over civil actions where the amount in controversy, exclusive of costs, exceeds $75,000 and the action is between citizens of different states. Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

## DISCUSSION

This dispute centers on the amount in controversy, not diversity of citizenship. Plaintiff argues remand is proper based on his stipulation that he is not seeking damages in excess of $74,999.99. [ECF No. 6.] Defendant argues that Plaintiff's request for front pay, back pay, and associated benefits are cumulative and that, in addition, Plaintiff seeks further damages up to $74,999.99. [ECF No. 7 at 5.] Thus, Defendant claims the total relief requested exceeds the

jurisdictional threshold. *Id.* Defendant further argues that Plaintiff's post-removal attempt to limit damages should not be considered and that the stipulation does not adequately limit the amount in controversy. *Id.* at 6–8.

Jurisdiction is determined at the time the action is filed, meaning courts determine the amount in controversy by looking to the face of the complaint at the time of removal. *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). Parties are generally not allowed to amend a complaint post-removal to destroy federal jurisdiction. *Clear Choice Constr., LLC v. Travelers Home & Marine Ins. Co.*, No. CV 0:17-1890-MBS, 2018 WL 718960, at *4 (D.S.C. Feb. 6, 2018) ("The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction.").

That said, courts in this circuit have held that a post-removal stipulation may be considered if it clarifies an ambiguous or silent complaint regarding the amount in controversy. *See, e.g.*, *Carter v. Bridgestone Americas, Inc.*, 2013 WL 3946233, at *1–2 (D.S.C. 2013); *Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (holding that a post-removal stipulation that is an unequivocal statement the damages sought will not exceed $75,000.00 may rid the court of subject matter jurisdiction).

Here, the complaint was arguably ambiguous in that Plaintiff did not specify an amount of damages. [ECF No. 1-1 at 8.] The only dollar figure included in the complaint expressly limits any recovery to below the jurisdictional threshold. *See* ECF No. 1-1 at 8. The stipulation filed by Plaintiff further clarifies that he is capping his damages at $74,999.99, not seeking back pay, front pay, and benefits cumulatively in excess of that amount. Read together, the complaint and stipulation, ECF No. 5, demonstrate Plaintiff's specific intent to limit recovery in order to remain

3

in state court.[1] *See* ECF Nos. 1-1 at 8,5. To the extent any doubt remains regarding subject matter jurisdiction, such doubt must be resolved in favor of remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Accordingly, the court finds it is lacks subject matter jurisdiction, and remand is proper.

## CONCLUSION

The court **GRANTS** Plaintiff's motion to remand to state court, ECF No. 6, and **REMANDS** this action to the Florence County Court of Common Pleas.

**IT IS SO ORDERED.**

August 7, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[1] The court is aware a dishonest party may use the stipulation to be heard in a more favorable court, however, like the court in *Stanley*, this court clarifies that this stipulation by Plaintiff is binding in state court, and Plaintiff cannot recover damages in an amount exceeding $75,000.00. *Stanley*, 423 F. Supp. 3d at 230 ("The court here, like other district courts facing this issue, makes it clear that, while the stipulation can enable the Stanleys to demonstrate that they seek relief in an amount below $75,000.00, they are bound to that limited recovery upon their return to state court."); *see Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013) ("If a jury were to award Plaintiff that amount, or some award close to that amount, Plaintiff cannot seek an amount that will inure to Plaintiff's benefit an award greater than $75,000.00.").